UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,

      Plaintiff,

v.                                 Case No. 3:15cv107/MCR/CJK

PAMELA COTHRAN MARSH, et al.,

      Defendants.

_____/

ORDER and
<u>REPORT AND RECOMMENDATION</u>

      Plaintiff, a federal prisoner proceeding *pro se*, has filed a civil rights complaint under 28 U.S.C. § 1331 or § 1346 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that this action should be dismissed as frivolous and for failure to state a claim on which relief may be granted. Leave to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff is in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Pollock, Louisiana, serving a sentence imposed in this district.

Plaintiff's complaint identifies two defendants, United States Attorney Pamela Cothran Marsh and Assistant United States Attorney Stephen Preisser.  Plaintiff alleges that in May of 2013, he mailed to defendants a "cover letter for settlement, closure and substitution of assets," along with a series of forms pertaining to certain bonds or other financial documents.  In particular, one such form was a "GSA Bonds Standard Form 28 Affidavit of Individual Surety," while others were described as "Standard Form 24 Bid Bond," a "Standard Form 25," a "Standard Form 25A," a "Standard Form 273," a "Standard Form 274," a "Standard Form 275," an "Optional Form 90," an "Optional Form 91," a "Certificated Security - State File #1977-18309 for the Settlement, Closure of 3:04-CR-00090-LC-MD-1"and a "Substitution of Assets with Bonds already tendered by the Northern District of Florida, Pensacola Division being held by Fidelity Investments with Cusip #315805689 in the Small Cap B-Fund, Symbol FSCBX."  (Doc. 1, p. 5).  Plaintiff states these forms were intended "for settlement, closure and substitution of Assets" in his criminal case where he was convicted on February 28, 2005, and for which he is currently serving a federal prison sentence of 264 months.  (*Id*.).[1]

Plaintiff alleges that in September of 2013, he provided defendants, via certified mail, a "Private Administrative Remedy Request" and a "Notice of Fault and Opportunity to Cure" for the purpose of "process[ing] the bonds," but defendants failed to respond.  (Doc. 1, p. 5).  Plaintiff alleges that in October of 2013, he provided defendants, via certified mail, a "Default Notice" for their failure to process

---

[1]*See United States v. Abram*, Case No. 3:04cr00090/LAC.  The court takes judicial notice of the record in plaintiff's criminal case for purposes of this Report.  *See Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995).

the bonds, but defendants again failed to respond.  (Doc. 1, p. 6).

Plaintiff claims the defendants were required to report their receipt of these "securities" to the Treasury Department, and that "[w]hen adequate security is received by the Government their interest ceases after 90 days of reception of said security.  Certificated Security 1977-18309 was adequate." (Doc. 1, p. 6).  Based on these allegations, plaintiff claims his due process rights have been violated and he has suffered pain, mental anguish and the deprivation of his liberty.  (Doc. 1, p. 7).  As relief, plaintiff seeks a "settlement" of $10,000.00 per day for every day he has been confined since August 25, 2013.[2]  (*Id*.).

Prior to filing this action, plaintiff filed several motions in his criminal case asserting the same legal claims and arguing he was entitled to immediate release.[3]

---

[2]How plaintiff arrived at this date is unclear, but the date is irrelevant.

[3]On December 30, 2009, after his conviction and sentencing, plaintiff filed in his criminal case (Case No. 3:04cr00090/LAC) a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(5), in which he stated that he sent a promissory note in the amount of $1,700,000,000 to settle the criminal judgment entered by the court on February 28, 2005 (*see* doc. 137 in that case).

In docket number 141 of his criminal case, titled a Counterclaim Motion pursuant to Federal Rule of Civil Procedure 13(c), plaintiff appeared to equate or reduce his criminal judgment into some sort of monetary or contractual terms, and recited Miller Bond Standard Forms 273 274 275, as well as 27 C.F.R. § 72.11.  The motion sought plaintiff's immediate release.

In docket number 143, titled Commercial Habeas Corpus, plaintiff stated that his criminal judgment should be deemed satisfied pursuant to GSA bonds 24, 25 and 25A, along with an SF28 Affidavit of Individual Surety, and Optional Forms 90 and 91 that he evidently sent to the government.  This document also sought plaintiff's immediate release.

In docket number 146, titled Release of Lien on Real Property or Administrative Habeas Corpus, plaintiff appeared to equate release of lien on real property as being the equivalent of some sort of satisfaction of his conviction and sentence entitling him to immediate release.

In document number 147, titled Habeas Corpus, plaintiff sought relief in accordance with the

Plaintiff also initiated a civil rights action against United States Attorney Marsh and AUSA Preisser, asserting the same factual allegations and legal claims he presents here, except seeking immediate release instead of damages.  *See Abram v. Marsh*, Case No. 3:14cv164/MCR/EMT.  That case was dismissed on February 2, 2015, on the following grounds:  (1) to the degree plaintiff advanced a federal claim of due process, apparently challenging the deprivation of his Fifth Amendment liberty interests relative to his incarceration, the process that would be due him is fairly embedded in the federal criminal system, a process plaintiff already availed himself of through the filing of numerous motions in his criminal case seeking essentially the same relief – his release; and (2) plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  (*See* Docs. 18, 22 and 23 in that case).  Plaintiff initiated the instant case a mere one month later.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

---

Code of Federal Regulations pertaining to bonds and insurance and stated that since he is no longer the surety for his criminal case, he should be released.

Finally, in document 150, titled Motion for Release of a Vessel or Property, plaintiff sought, in accordance with local admiralty rules, a release of the property identified as Plaintiff Samuel Roy Abram.

All of the above motions were denied by the court.

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Even taking the allegations of plaintiff's complaint as true and construing them in the light most favorable to him, the complaint is due to be dismissed. First, plaintiff's claims have no plausible legal foundation and are frivolous. *See Bilal*, 251 F.3d at 1350; *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (stating that a case is frivolous when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face relies on legal theories that are indisputably meritless).

Second, plaintiff's claims are barred by *Heck v. Humphrey, supra.* In *Heck*, the Supreme Court held that, before a plaintiff may proceed with a § 1983 action "to

recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence was invalidated by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." 512 U.S. at 486-87, 114 S. Ct. at 2372-73. Absent such invalidation, the section 1983 suit must be dismissed. *Id*. Although *Heck* involved a collateral attack on a state court conviction, the Eleventh Circuit has held that "collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings"; thus, the *Heck* rule applies to civil rights claims collaterally attacking federal criminal convictions as well. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

Plaintiff's claims for damages derive from his theory that the defendants violated his constitutional rights by failing to release him from imprisonment upon his tendering various forms and so-called "securities" for the purpose of "satisfying" or "settling" the criminal judgment entered against him by this court on February 28, 2005. Plaintiff's claims, even if decided in his favor (which they assuredly would not be), imply the invalidity of his imprisonment. Plaintiff has not shown that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by this or any other federal court, or called into question by a federal court's issuance of a writ of habeas corpus or other collateral relief. Plaintiff's claims are not cognizable as civil rights claims.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim on which relief may be granted.

2.   That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).